UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| | : | |
| T'ANDRA V. HALCROMBE | : | CASE NO. 1:24-cv-0058 |
| Plaintiff, | : | |
| | : | ORDER |
| v. | : | [Resolving Doc.27] |
| | : | |
| SECRETARY OF VETERANS | : | |
| AFFAIRS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

## I.  INTRODUCTION

This attorney fees motion comes to the Court after Plaintiff T'Andra V. Halcrombe's accepted a Rule 68 Offer of Judgment. Plaintiff seeks $263,992.50 in attorney's fees and $4,970.34 in costs.

These fees arise from Plaintiff's claims under the Rehabilitation Act, where she alleged that Defendant Secretary of Veterans Affairs failed to accommodate her reasonable workplace adjustments during the COVID-19 pandemic.

The Court considers the reasonableness of the fees and costs requested. Under the lodestar method, courts calculate attorney fees by multiplying the reasonable number of hours expended by a reasonable hourly rate. While Plaintiff has obtained a favorable outcome through settlement, this Court must balance the need for fair compensation for legal work with an obligation to ensure that such compensation does not exceed what is reasonable and proportionate to the case's complexity and results.

## II.  BACKGROUND

At the March 2020 outset of the COVID-19 pandemic, Plaintiff Halcrombe requested a telework accommodation because of an underlying medical condition that placed her at heightened risk for severe illness if she contracted the virus. She supported the request with a note from her treating physician, who recommended either remote work or medical leave as necessary accommodations to protect her health.

Despite the clarity of the request and the provided medical justification, Plaintiff Halcrombe says Defendant failed to address Plaintiff's need for accommodations.

Plaintiff believed that Defendant Veterans Administration failed to sufficiently accommodate her remote-work requests. Plaintiff Halcrombe filed a Veterans Affairs EEO charge alleging that the Defendant Veterans Administration violated the Rehabilitation Act when it failed to accommodate her medical conditions.

In January 2023, the Veterans Administration issued a Final Agency Decision in Halcrombe's favor on Halcrombe's first accommodation request but found no discrimination during the FMLA period associated with the time she was COVID infected and otherwise unable to work. The decision recommended Halcrombe receive compensation and receive her attorney fees.

In early 2023, Plaintiff made a new Veterans Affairs EEO charge. In her second charge, Halcrombe complained that the Defendant had not complied with the first Final Agency Decision because it had not paid her lost wages and had not complied because it had not restored all the leave she had used for affected periods. Halcrombe's second EEO charge was dismissed as untimely.

Case No. 1:24-cv-0058
GWIN, J.

Plaintiff sued the Defendant Veterans Affairs to seek *de novo* review of the two Veterans Administration EEO cases.

As part of Plaintiff Halcrombe's first Veterans Affairs EEO charge, Halcrombe's Attorney Grim gave a declaration to support an attorney fee award. In that declaration, Attorney Grim represented that through January 31, 2023, Attorney Grim had performed 168.3 hours of work. The sworn declaration also said: "my former billing rate of $300. I am asking to be paid at my current billing rate of $400." Attorney Grim also represented that the: "hourly rate of $400 is reasonable in light of my experience and training and the nature of this case."

In this lawsuit, Plaintiff Halcrombe claims that Defendant flouted certain back-pay, sick leave, and annual leave reinstatement requirements.

Mediation attempts failed, and in July 2024, the VA offered a Rule 68 settlement. Plaintiff accepted the $80,000 settlement offer. The Rule 68 offer allowed Plaintiff Halcrombe to seek attorney fees in addition to the $80,000 settlement.

Plaintiff's counsel, Attorney Nancy Grim, requests fees for 408.95 attorney hours at $550/hour and 112.5 paralegal hours at $250/hour. In response, Defendant contends that the requested rates and hours are excessive.

In support of this Defense argument, Defendant shows that on May 20, 2024, and shortly before Defendant made its offer of judgment, Attorney Grim told this Court that the estimated attorney fees and costs to that point was $119,000 and that estimated discovery would add only $18,000. Attorney Grim gave this estimate after almost all the work on this case had been completed.

Case No. 1:24-cv-0058
GWIN, J.

The Defendant VA argues that the hourly rate should be no more than Attorney Grim's earlier representation that her rate was $400 per hour, and that Attorney Grim's now requested $550 per hour rate is not reasonable under market standards in the Northern District of Ohio.

### III. LEGAL STANDARD

Under 29 U.S.C. § 794a(b), a Rehabilitation Act prevailing plaintiff is entitled to reasonable attorney's fees. The Court uses the lodestar method for calculating fees, requiring courts to multiply the hours reasonably expended by a reasonable hourly rate.[1]

In setting the hourly rate, Courts must consider these factors:

1. The time and labor required.

2. The novelty and difficulty of the issues.

3. The skill required to perform the legal services.

4. The experience, reputation, and ability of the attorney.

5. The customary fee in the locality.

6. The results obtained.

A "strong presumption" exists that the lodestar amount is reasonable.[2]

### IV. ANALYSIS

### A. Hourly Rates

Plaintiff's counsel requests $550/hour for attorney work and $250/hour for paralegal work. She cites to her employment law expertise. True but insufficient to support a $550 per hour fee.

---

[1] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[2] *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010).

Case No. 1:24-cv-0058
GWIN, J.

Plaintiff's counsel also represents that this case was complex. The Court disagrees. This case's controlling law presented no complex issues. Instead, this case's complexity came only from the somewhat tangled historical interplay of Plaintiff's interspersed requests for Rehabilitation Act accommodation and Family Leave Act requests, together with a complicating history of Plaintiff not responding to employment offers and both parties not following through on computer use accommodations.

Defendant argues the requested $550 rate exceeds market standards, relying, in part, on the 2019 Ohio State Bar Association (OSBA) Report, which lists median hourly rates for employment attorneys as near $300.

While the OSBA Report provides a useful benchmark, the Court finds it insufficient of itself, to decide what is a reasonable fee. Although this case was not legally complex, Attorney Grim brings extensive experience in employment law, and supports an elevated rate. That said, Attorney Grim earlier represented that she was seeking $400 per hour for work on this case. The sudden change with this this fee application undermines her request for more.[3]

The Court has also considered the testimony of Attorney Subodh Chandra that a rate higher than $300 should be given for federal fee-shifting employment Ohio cases.

But Attorney Grim's earlier representation that she charges $400 per hour and earlier May 21, 2024 representation that her total fees to that date totaled $120,000 supports finding $400 per hour to be a reasonable fee.

But more important, multiple Ohio cases have found this $400 rate range to be a more reasonable rate. *See, e.g., Ousley v. CG Consulting, LLC,* No. 19-cv-1744, 2024 WL

---

[3] *Richard v. Caliber Home Loans, Inc.,* 832 F. App'x 940, 945 (6th Cir. 2020)

Case No. 1:24-cv-0058
GWIN, J.

1443280, at *2 (S.D. Ohio Apr. 3, 2024) (Finding $400 per hour reasonable in employment discrimination case; *Wheatt v. City of E. Cleveland*, No. 17-cv-377, 2019 WL 4071646, at *13 (N.D. Ohio Aug. 29, 2019) (Finding $275 - $425 per hour reasonable in extremely complicated civil rights case); *Lloyd v. Greater Cleveland Reg'l Transit Auth.*, No. 18-cv-1557, 2022 WL 1186699, at *6 (N.D. Ohio Apr. 20, 2022) (Finding $325 per hour reasonable in ADA case); *Gard v. Grand River Rubber & Plastics C*o., No. 20-cv-125 (N.D. Ohio Mar. 29, 2022) (Finding a $425 per hour reasonable for an employment attorney with more than 20 years' experience); *Hubbell v. FedEx SmartPost, Inc.*, 933 F.3d 558, 575 (6th Cir. 2019) (In Michigan case, finding district court did not abuse its discretion in awarding $325 an hour in employment case despite receiving a plaintiff verdict high above settlement offer).

The Court finds $400 per hour for Attorney Grim's time and $250 per hour for her paralegal to be fair rates.

### B.  Reasonableness of Hours Expended

Defendant challenges several categories of billed hours as excessive, duplicative, or unrelated to the Rehabilitation Act claim. The Court addresses these categories:

**Pre-Complaint Work:**        Defendant argues Plaintiff cannot recover fees for work performed before filing the formal EEO complaint. Under 29 C.F.R. § 1614.501(e)(1)(iv), attorney's fees may be awarded only for work performed after notifying the agency of representation. The Court finds at least 5% of the total was for work significantly before the formal complaint.

**Duplicative and Excessive Entries:**  Defendant identifies multiple instances of duplicative work, particularly during the preparation of mediation materials and the fee

Case No. 1:24-cv-0058
GWIN, J.

application. In addition, after the complaint had been filed, Attorney Grim spent significant time quantifying old lost wages and lost leave time. She spent this time despite the Defendant Veterans Administration having paid the wage claim and restored her client's lost leave on February 10, 2024, within a month of the complaint's filing.

Plaintiff Halcrombe knew of the payment and Attorney Grim should have known of the payment and the restored lost leave. The Court reduces the billed hours by 15% for inefficiency.

**Unrelated Claims:** The Plaintiff seeks compensation fees for claims outside the scope of the accepted Offer of Judgment. This involved about 5% of the total hours.

**Conclusion on Hours:** After adjustments, the Court finds that 25% of the requested attorney and paralegal expenses should not be paid. The Court approves 306 attorney hours and 85 paralegal hours.

## C.  Costs

Plaintiff seeks $4,970.34 in costs, primarily for expert witness fees and administrative expenses. Defendant does not challenge these costs. The Court finds them reasonable and grants the full amount.

## V.  LODESTAR CALCULATION

Attorney (Grim) $400 306 $122,400

Paralegal (Pace) $250 85  $21,250

**Total Fees**              **$143,650**

**Costs**                   **$4,970.34**

**Grand Total**             **$148,620.34**

Case No. 1:24-cv-0058
GWIN, J.

## VI. CONCLUSION

The Court awards Plaintiff $143,650 in attorney's fees and $4,970.34 in costs, for a

total award of $148,620.34. This amount appropriately compensates Plaintiff's counsel for

her work while addressing Defendant's concerns about reasonableness.


IT IS SO ORDERED.


Dated: January 22, 2025                          s/      James S. Gwin
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE